UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 09-30014-GAO

UNITED STATES OF AMERICA,

v.

GARY GAUDETTE,
Defendant.

OPINION AND ORDER
November 6, 2015

O'TOOLE, D.J.

## I.   Background

On April 19, 2012, the petitioner, Gary Gaudette, pled guilty to possession with intent to distribute marijuana and, on July 26, 2012, was sentenced to sixty months imprisonment. The judgment entered on July 30, 2012. He did not file a direct appeal. In October 2013, the petitioner moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody at 1-13 (dkt. no. 86).) The government has opposed the motion, arguing that it is untimely under the Antiterrorism and Effective Death Penalty Act. (Gov't's Resp. to Gary Gaudette's Mot. Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct His Sentence at 6-7 (dkt. no. 88).) In response, the petitioner initially appears to concede that his filing was untimely but argues that the Court should equitably toll the limitations period. (Pet'r's Opp'n to Gov't's Mot. for Summ. J. at 1-4 (dkt. no. 95).) However, in a subsequent submission filed seven months after the government raised the issue of timeliness, the petitioner argues instead that his petition was filed on time. (Pet'r's Supplemental Mot. in Reply to Gov't's Resp. to § 2255 at 3 (dkt. no. 96).)

**II.     Discussion**

A motion under § 2255 is subject to a one-year period of limitation, which the parties in this case appear to agree began running from the date on which the petitioner's conviction became final. See 28 U.S.C. § 2255(f)(1). Although the Supreme Court has not determined when an unappealed federal criminal judgment becomes final for the purposes of § 2255(f), numerous courts of appeal that have considered the issue have held that such a conviction becomes final when the time expires for filing a direct appeal.[1] See, e.g., United States v. Scruggs, 691 F.3d 660, 669 (5th Cir. 2012); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011); Anjulo-Lopez v. United States, 541 F.3d 814, 916 n.2 (8th Cir. 2008); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); see also Santiago-Rodriguez v. United States, No. CIV. 12-1108 JAF, 2012 WL 6016751, at *1-2 (D.P.R. Nov. 30, 2012); Murphy v. United States, No. CIV.08-CV-224-JD, 2008 WL 4224320, at *1 (D.N.H. Sept. 9, 2008).

In this case, the petitioner had fourteen days from the date of the judgment to file a notice of appeal. See Fed. R. App. P. 4(b)(1)(A). Because judgment was entered on July 30, 2012, the petitioner's conviction became final on August 13, 2012. Any § 2255 petition therefore was due one year from that date. It is clear that the petitioner did not file his petition until well after the one-year limitations period had run.

---

[1] It is a different scenario when a defendant pursues a direct appeal with the court of appeals but does not pursue Supreme Court review. In that case, a "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Ramos-Martinez v. United States, 638 F.3d 315, 320-21 (1st Cir. 2011) (quoting Clay v. United States, 537 U.S. 522, 525 (2003)). The petitioner, however, did not file a direct appeal. Consequently, the petitioner's reliance on discussion in cases involving this latter scenario is misplaced.

Although the petitioner's motion was not timely filed under 28 U.S.C. § 2255(f)(1), the limitation period of § 2255 can be subject to equitable tolling in appropriate circumstances. Ramos-Martinez, 638 F.3d at 321-22. Equitable tolling "should be invoked only sparingly" and is limited to "extraordinary" cases. Id. at 322, 323 (internal quotation marks omitted). It is not intended to "rescue those who inexcusably sleep upon their rights." Id. at 323. The petitioner bears the burden of establishing that equitable tolling is appropriate by showing that "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. (internal quotation marks omitted).

The petitioner argues he is entitled to equitable tolling of the limitations period for three reasons: (1) his attorney failed to file a direct appeal after being instructed to do so; (2) his attorney misrepresented to him that an appeal had been filed; and (3) he did not have access to his property for approximately five weeks when he transferred to a prison in California. According to the petitioner's filings, he spoke with his attorney immediately after his sentencing about his desire to appeal and, sometime after that, about receiving copies of relevant transcripts. It is not entirely clear, but it appears that the petitioner did not contact his attorney again until approximately May 2013, after he had been transferred from a prison in New York to one in California. He grew suspicious when his attorney told him that he had not sent out transcripts, and he asked family members to contact the court to determine if an appeal had been filed. They were told that no action was pending in his case. At the very end of July or in August 2013, he requested transcripts from the Court to prepare his § 2255 petition.[2]

---

[2] His letter requesting transcripts is dated July 30, 2013, but it was not docketed until August 14, 2013. It is unclear exactly what date he mailed his request.

These facts do not show that the petitioner pursued his rights with reasonable diligence before the limitations period expired. While a petitioner does not have to "leave no stone unturned," see id., 628 F.3d at 323–24, the petitioner here upended but a few pebbles. After his sentencing when he initially requested his attorney to file an appeal on his behalf, he only contacted his attorney twice during the applicable time period. The focus of his inquiries appears to have been on transcripts; the petitioner did not actually ask the attorney about the status of any appeal, for example by asking about the docket number or for copies of the docket or any pleadings.[3] After he spoke to his attorney in May 2013 and apparently grew suspicious, he still had several months in which to file a timely § 2255 petition. With the deadline looming, he did not file even a protective petition, but instead sent a request for transcripts. In short, the petitioner failed to monitor the status of his case and, upon realizing that the statute of limitations may have been running, failed to respond with reasonable effort to timely file his petition. Compare Holland v. Florida, 560 U.S. 631, 653 (2010) (prisoner repeatedly tried to contact his attorney about the appeal without avail, pleaded with the attorney to submit his habeas petition before the limitations period expired, complained to the local Bar association, contacted the state courts and their clerks numerous times to have his attorney removed from the case, and ultimately prepared his own pro se petition the same day he learned the limitations period had expired). A reasonably diligent person in the petitioner's circumstances could have discovered the lack of appeal any time after the deadline for filing an appeal had passed and taken appropriate steps to preserve his rights under § 2255.

---

[3] The petitioner had been advised that any appeal would have to be filed within fourteen days from the date of judgment. (July 26, 2012 Disposition Tr. at 20 (dkt. no. 77).)

As to extraordinary circumstances, the petitioner has not shown that there were circumstances beyond his control that precluded him from filing more promptly. In support of his argument, the petitioner relies primarily upon his request to his attorney to file an appeal and a comment by his attorney sometime between his sentencing and May 2013 in which his attorney said "he was appealing the case and he would send [him] copies" of transcripts.[4] (Pet'r's Opp'n to Gov't's Mot. for Summ. J. at 2.) If the attorney said that, the petitioner seemed rather uninterested in the details. Although the petitioner was under the impression his case was being appealed, he did not ask counsel any questions regarding the appeal or a potential § 2255 motion other than to request transcripts of the motion to suppress hearing. In any event, to the extent that the petitioner was misled into thinking that an appeal had been filed on his behalf, the petitioner still admits that he sensed in May 2013 at the latest—well within the limitations period—that something may have been amiss, yet he still waited several more months to file his own pro se petition. Compare Holland, 560 U.S. at 652 (counsel's conduct may have gone beyond mere "garden variety" negligence where he not only did not file petition on time and appeared to have been unaware of the application limitations period, but he also failed to timely file the habeas petition despite his client's numerous letters emphasizing the importance of doing so, failed to do any research necessary to calculate the proper filing date despite his client's citations to applicable legal rules, failed to inform his client about an important court decision despite his client's many requests for that information, and failed to communicate with his client over a period of years despite various pleas from his client to respond to his letters).

Nor does the fact that his transfer from New York to California disrupted his ability to prepare his own filing of a § 2255 petition justify tolling. Routine prison transfers are not, in and

---

[4] The petitioner's opposition does not say when this conversation occurred.

of themselves, sufficient to excuse a failure to timely file a petition. The petitioner does not suggest that he was otherwise limited in his ability to make legal phone calls or write letters to the court during the applicable one-year time period. To be sure, the petitioner has requested transcripts, requested a copy of the docket, submitted notice of a change of address, and filed numerous pleadings, suggesting doing so was not beyond his capacity while the clock was running.

The Court also notes that the petitioner is not without education or ability. His pro se submissions are lengthy and articulate. It is clear that when he is motivated to communicate with the Court, he is able to do so.

For these reasons, the Court finds that equitable tolling is not applicable.

## III. Conclusion

For the reasons set forth herein, the petitioner's Motion to Vacate (dkt. no. 86) was not timely filed and is therefore DENIED.[5]

Finally, because the soundness of the procedural ruling regarding the petitioner's failure to file his petition within the statute of limitations is not reasonably debatable, no certificate of appealability shall issue. See Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002). In light of that conclusion, the Court need not assess the possible merits of the petitioner's constitutional claims. See id.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[5] The petitioner's Motion for Clarification (dkt. no. 100) is therefore MOOT. However, I respectfully instruct the Clerk's Office to mail copies of the dockets in Civil Action No. 13-30178 and Criminal No. 09-30014, as well as all submissions related to the § 2255 petition.